**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN HENNAGIR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0249** |
| **MARLIN GUSMAN, IN HIS OFFICIAL CAPACITY AS CRIMINAL SHERIFF OF ORLEANS PARISH** | **SECTION "K"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable law, hereby recommending that the instant application for federal *habeas corpus* relief be **DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES.**

## PROCEDURAL HISTORY

Petitioner, Kevin Hennagir, is a state prisoner currently serving a sentence of eight years for simple rape, a violation of La. R.S 14:43; a sentence of 2 years for sexual battery, a violation of La.R.S. 14.43.1; and, a sentence of 2 years for aggravated burglary, a violation

of La. R.S. 14:60.  All sentences on each count are to run concurrently with the sentences to be served on each other count.[1]

Hennagir appealed his convictions to the Louisiana Court of Appeal, Fourth Circuit, in writ no. 03-KA-0370, raising 2 claims: double jeopardy and insufficient evidence to sustain the convictions. The Louisiana Court of Appeal, Fourth Circuit, affirmed Hennagir's convictions and sentences on October 8, 2003.[2]  Petitioner filed a *pro se* request for review of this decision with the Louisiana Supreme Court on November 13, 2003, again raising the double jeopardy and insufficient evidence claims.  On November 25, 2003, petitioner also filed a *pro se* "supplement" in writ no. 03-KO-3129, raising the additional claims that the State violated his rights by using *Prieur* evidence and that his sentence was illegal.[3]  The Louisiana Supreme Court denied petitioner's request for a writ of certiorari/review on March 19, 2004.[4]

Although there is no evidence to support petitioner's claim that he next filed an application for post-conviction relief with the state trial court on June 9, 2004, the State apparently accepts this contention in its response.  No copy of the post-conviction application

---

[1] See State Rec. Vol. 1, Trial Minutes dated August 13, 2002; Jury Verdict Sheet dated August 13, 2002; See also, State Rec. Vol. 2, Sentencing transcript dated November 21, 2002.

[2] See State Rec. Vols. 1 and 3  for a copy of the Fourth Circuit's unpublished opinion. *State v. Hennagir*, 855 So.2d 443 (La. App. 4th Cir. 10/08/03)(Table).

[3] See State Rec. Vol. 3 for a copy of the supplemental brief.

[4] See State Rec. Vol. 3 for a copy of the Louisiana Supreme Court opinion and for a copy of petitioner's writ application. *State v. Hennagir*, 869 So.2d 847 (La. 3/19/04).

is available for the court to review.  However, the State further contends that the docket master shows the trial court denied the post-conviction application on the same date. Petitioner then sought a review of the trial court's denial of post-conviction relief, filing writ no. 04-K-1285 on July 27, 2004 with the Louisiana Court of Appeal, Fourth Circuit.  The writ was denied on August 31, 2004, as the appellate court found no error in the trial court's judgment.[5] A subsequent writ of review stamped as filed with the Louisiana Supreme Court on January 28, 2005,[6] proved unsuccessful.  Therein, Hennagir had argued three issues: 1) that the evidence was insufficient to convict him of sexual battery[7]; 2) that he received ineffective assistance of counsel at trial and pre-trial;[8] and, 3) that a State witness' inflammatory testimony violated his due process rights. The Louisiana Supreme Court denied the writ without opinion, writing simply, "Denied", on December 9, 2005.[9]

On or about January 11, 2005, prior to obtaining a ruling from the Louisiana Supreme Court, petitioner signed and dated his federal habeas corpus petition and mailed it through his prison custodian. Hennagir was initially denied pauper status but subsequently paid the

---

[5] See State Rec. Vol. 3 for a copy of this opinion.

[6] The writ was post-marked on November 5, 2004.

[7] Petitioner argued that the victim's testimony was inconsistent with the charge of sexual battery.

[8] Petitioner argued that his attorney "opened the door" to otherwise inadmissible evidence when attempting to impeach the credibility of a state's witness during trial.  He did not allege any facts to support how his attorney prejudiced him pre-trial, however.

[9] See State Rec. Vol. 3 for a copy of the writ filed with the Louisiana Supreme Court and that court's December 9, 2005 ruling.

fee for his application to be filed on July 5, 2005. The petition was stamped as filed by this court on July 5, 2005. In said federal petition, Hennagir raises the following claims for habeas corpus relief: 1) that the State violated the constitutional prohibition against double jeopardy in charging him with both aggravated burglary and sexual battery; 2) that the State failed to prove him guilty of simple rape beyond a reasonable doubt; 3) that the verdict of guilty to the sexual battery charge is not supported by sufficient evidence; 4) that he was denied the effective representation of counsel at trial and prior to trial, specifically when counsel opened the door to other crimes evidence and when counsel failed to file a motion to quash the bill of information[10]; and, 5) that he was denied due process when a State's witness made prejudicial and inflammatory statements about *Prieur* evidence that was otherwise inadmissible at trial.

After several extension requested were granted, the State filed its written response to the application on April 19, 2006, asserting that Hennagir had failed to exhaust his state court remedies as to each claim raised in the federal petition. The State also conceded that Hennagir's federal petition was timely filed.[11] On April 27th, 2007, the State supplemented the record with State Rec. Vol. IV. On two subsequent occasions, Hennagir requested and was granted an extension of time to file a response, eventually filing the response on January

---

[10]Petitioner's discussion of counsel's ineffectiveness is actually listed under his discussion relative to "Issue Three". See page 12 of petitioner's memorandum, Fed. Rec. Doc. 2. His discussion of claim 5 above, relative to *Prieur* evidence, is addressed under "Issue Four", p. 13 of his memorandum, and, claim 3 above, relative to insufficient evidence of sexual battery is addressed under "Issue Five", p. 13 of his memorandum.

[11]See Fed. Rec. Doc. 25. The State does not provide an analysis of the rationale for conceding timeliness.

25, 2007.[12] Therein, he states, without support, that he has complied with the applicable laws regarding exhaustion of state remedies and he re-argues the claims previously asserted.

## **EXHAUSTION**

Petitioner's application for relief under 28 U.S.C. § 2254 is governed by the standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub. L. 104-132, 110 Stat. 1214. Pursuant to 28 U.S.C. § 2254(b)(1) & (c), a petitioner seeking *habeas corpus* relief is required to exhaust available remedies in state court before a federal court can grant *habeas corpus* relief.[13] The AEDPA's exhaustion requirement is satisfied

---

[12]See Fed. Rec. Docs. 30, 32, 33, 34 & 35.

[13] Section 2254(b)(1), (c) provides in full:

(b)(1) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted unless* it appears that
    (A) the applicant has *exhausted the remedies available in the courts of the State*; or
    (B) (I) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
....

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

*Id.* (emphasis added).

Section 2254 reflects the general federal doctrine of exhaustion that predated the enactment of the AEDPA. In order to invoke federal judicial relief, a petitioner must first adequately exhaust his state court remedies. *See Preiser v. Rodriquez*, 411 U.S. 475, 490-92 (1973); *Ex parte Royall*, 117 U.S. 241, 251 (1886). In *Duncan v. Walker*, the Supreme Court recognized that the AEDPA's statutory exhaustion requirement, as enacted in §2254(b), ensures that state courts have the first opportunity to fully consider and resolve challenges based on federal law to state court judgments before federal courts may entertain collateral challenges to those judgments. *See* 533 U.S. 167, 178-79 (2001) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "A rigorously enforced total

when "the substance of a federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988). A claim presented within a federal application must be the "'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387. "Such presentment can take place via direct appeal *or* state habeas proceedings." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (citing *Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000)) (emphasis added).

Petitioner bears the burden of proving exhaustion of state court remedies. *See Matthews v. Evatt*, 105 F.3d 907, 912 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997). His burden is of a dual nature. He must first demonstrate that he has presented to the state courts a claim that is more than "somewhat similar" to the claim he presents in federal court. *See Anderson v. Harless*, 459 U.S. 4, 6(1982) (holding that a petitioner must provide the federal court with a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claim); *Picard v. Connor*, 404 U.S. 275, 277-78, , 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (holding that the "substance" of the federal claim must have been "fairly

---

exhaustion rule [furthermore,] will encourage state prisoners to seek full relief from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

presented to the state courts). Second, he must demonstrate that the legal theories used to support his claim at the state level are the same legal theories he asserts in his federal application. *See Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("[The United States Court of Appeals for the Fifth Circuit] has consistently held that a federal habeas petitioner has failed to exhaust his state remedies when he relies on a different legal theory than he did in state court or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not make to the state courts.") (footnotes omitted).

The State argues that Hennagir did not completely exhaust his ineffective assistance of counsel claims. Specifically, the State asserts that Hennagir never argued that his attorney should have filed a motion to quash the bill of information when he raised the ineffective assistance claim before the state's highest court.

A review of the pleadings filed by Hennagir with the Louisiana Supreme Court reveals the following:

In writ no. 03-KO-3129, Hennagir argued that the State violated double jeopardy principles when he was charged with both aggravated burglary and sexual battery and that the State failed to prove he was guilty of simple rape, sexual battery or aggravated burglary beyond a reasonable doubt.[14] In his supplement to writ no. 03-KO-3129, Hennagir also claimed that the State violated the constitutional prohibition against *Prieur* evidence and that

---

[14]See copy of application in State Rec. Vol. 3.

7

the trial court imposed an illegal sentence as to the sexual battery charge. Ineffective assistance of counsel is not claimed in this writ or in its supplement.

In writ no. 05-KH-238, Hennagir raised the following claims: 1) that the evidence was insufficient to convict him of sexual battery; 2) that he received ineffective assistance of counsel at trial and pre-trial, specifically when counsel opened the door to other crimes ("*Prieur*") evidence being admitted ; and, 3) that the State's witness' inflammatory testimony violated his due process rights.  In this writ, the only claim of ineffectiveness regarding trial counsel dealt with counsel allegedly allowing otherwise inadmissible evidence to be heard by the jury.  No claim was made that counsel failed to file a motion to quash the bill of information.

The State is therefore correct in claiming that the petitioner has presented this court with a mixed petition and is subject to dismissal.[15]  The court must dismiss petitions which contain unexhausted claims, including those "mixed" petitions which contain both exhausted and unexhausted claims.  *Neslo v. Cain*, 156 F.3d 182 (5th Cir. 1998), citing *Rose v. Lundy,*

---

[15]The State also claims that even if the court finds that Hennagir's ineffective assistance of counsel claims are exhausted, the court must still dismiss the petition because Hennagir's federal application was filed before the Louisiana Supreme Court ruled on his claims raised in writ no. 05-KH-238.  The court, however, rejects this notion.  The doctrine of exhaustion of state remedies is discretionary and not jurisdictional.  The principle underlying the exhaustion requirement is one of federal-state "comity." If the highest state court has addressed petitioner's claims prior to the federal court's review, then the underlying policy behind the exhaustion doctrine is satisfied and this court should not be barred from addressing the claim.  *See Preiser v. Rodriquez*, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973) (The exhaustion requirement exists to "avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors.")

455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Although the court recognizes that the federal habeas statute provides this court with the authority to deny even an unexhausted claim, see 28 U.S.C. 2254(b)(2), the court is unwilling to do so. In his federal petition, Hennagir has alleged that his attorney should have filed a motion to quash the bill of information but he does not explain the basis for such a motion.[16] Additionally, having failed to raise the issue in the state courts, the issue has not been fully "fleshed out" in state court proceedings. To deny Hennagir relief on such a claim without knowing more about the basis for his claim could prevent him from making a potentially viable claim for relief. Thus it appears to the court that the better option is to dismiss the petition without prejudice for failure to exhaust.

A decision to dismiss for failure to exhaust, however, implicates a different type of problem. Since the filing of a federal petition for habeas relief does not toll the federal limitations period,[17] Hennagir's one year federal limitations period has lapsed during the pendency of the instant proceedings. Thus, Hennagir's federal petition will be time-barred when he returns to this court after exhausting his state remedies relative to his unexhausted

---

[16]Hennagir discusses an allegedly " flawed bill of information" in his traversal memorandum relative to the issue of double jeopardy. *See* Fed. Rec. Doc. 35 at. p. 12. It is not known whether this discussion relates to his claimed ineffective assistance of counsel problem. Moreover, the State has only asserted that the claim is unexhausted. The issue was not addressed by the State in the alternative, i.e., on the merits.

[17]S*ee Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)(application for federal *habeas* review is not an "application for State post-conviction or other collateral review", within meaning of tolling provision of the Antiterrorism and Effective Death Penalty Act (AEDPA),). *See also, Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999)(limitations period of the AEDPA not tolled during pendency of a prior federal *habeas* petition).

ineffective assistance of counsel claim. To prevent a dismissal without prejudice for failure to exhaust from effectively acting as a dismissal *with* prejudice, the undersigned Magistrate Judge recommends that the original filing date of the instant federal petition be preserved in the manner previously approved in *Toca v. Cain*, 2007 WL 854261 (E.D. La 2007 (Africk, J.); *Moses v. Lensing*, CV 98-2021 (ED. La. 1998) (McNamara, J.); *Martin v. Lovell*, CV 98-3245 (ED. La.1999) (Barbier, J.) and *Leeming c. Cain*, CV 98-3053 (ED. La. 1999) (Porteous, J.) . In those cases, the courts recognized that, as a result of the time period during which a federal petition had been pending in federal court, a dismissal without prejudice of the federal habeas petition would effectively preclude the habeas petitioner from ever obtaining federal habeas review. To avoid any unfairness to the petitioner, the court in each case allowed the date of the original habeas application to be preserved and the petitioner to file a motion to re-open the case within a reasonable time period from the date exhaustion was completed.

      A similar remedy was fashioned in *Kethley v. Berge*, 14 F.Supp.2d 1077 (E.D. Wis. 1998). In that case, the petitioner filed his federal habeas corpus application in April, 1995. It was not until approximately three years later, in June, 1998, that the district court determined that petitioner had not exhausted his state court remedies. Because an "improperly filed federal habeas petition," e.g., a mixed habeas petition containing both exhausted and unexhausted claims, did not toll the AEDPA's one-year statute of limitations, the *Kethley* court reasoned that any subsequent petition for habeas relief, filed after state remedies had been exhausted, would be time barred. *Id.* at 1079.

To "foreclose the possibility that the [court's] dismissal on procedural grounds will forever bar the petitioner from obtaining habeas review in a federal forum," *Id.* at 1078, the *Kethley* court, while dismissing petitioner's habeas application without prejudice for failure to exhaust, stipulated "that if petitioner chooses to reopen this federal petition when his state remedies are exhausted in accordance with 28 U.S.C. § 2254(c), he will be allowed to reopen this file under its present case number and with the benefit of the original filing date of April 5, 1995." *Id.* at 1080 (emphasis added).

In fashioning the above remedy, the *Kethley* court observed that its "solution of preserving the petitioner's original case number and filing date can be considered a form of equitable tolling of the AEDPA's limitations period." *Id.* at 1079. Equitable tolling of this one-year time period, according to the Fifth Circuit, along with all of the other circuit courts who have faced the issue, is not prohibited. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) ("We now join our sister circuits in concluding that AEDPA's one-year statute of limitations does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitable tolled.")

## **RECOMMENDATION**

Pursuant to the above case law, it is hereby RECOMMENDED that the petition of Kevin Hennagir for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice for failure to exhaust state remedies.

It is FURTHER RECOMMENDED that petitioner be allowed, within thirty (30) days

11

after exhausting his state remedies, to reopen this matter under the above-captioned case number and with the benefit of the instant action's filing date.[18]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 4th day of April, 2008.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[18] If petitioner instead chooses not to pursue his unexhausted claim of ineffective assistance of counsel (i.e., that counsel failed to file a motion to quash the bill of information), he may notify the court, within the ten day period allowed for filing objections, that he wishes to abandon his unexhausted claim. The matter may then be recommitted to the Magistrate Judge for a resolution of his exhausted claims.