UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN HENNAGIR** | **CIVIL ACTION** |
| **versus** | **NO. 05-0249** |
| **MARLIN GUSMAN, IN HIS OFFICIAL CAPACITY CRIMINAL SHERIFF OF ORLEANS PARISH** | **SECTION: "K" (6)** |

## O R D E R   A N D   O P I N I O N

This Court, having considered the petition, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts them as its own opinions.

The Magistrate Judge dismissed Hennagir's *habeas corpus* petition for failure to exhaust state remedies, specifically that Petitioner's claim that counsel rendered ineffective counsel by failing to file a motion to quash a bill of information has not been exhausted in state court. Petitioner objects to the Magistrates Report and Recommendation contending that his *habeas corpus* motion should not be dismissed for failure to exhaust his state court remedies, as he has in fact exhausted his state remedies.  According to Petitioner each of the issues he now raises in his federal habeas petition were previously raised in writs he submitted to the Louisiana Supreme Court and as such have been "exhausted".  Petitioner asserts that because his claim of ineffective counsel has been exhausted his *habeas corpus* is properly before this Court.  After a careful independent review of the entire record, this Court agrees with the Magistrate Judge that the

1

specific instance of ineffective counsel now being raised has not previously been exhausted in state court.

An issue is deemed to have been exhausted when the substance of a federal habeas claim has previously been fairly presented to the highest state court in a procedurally proper manner. A claim must have been a "substantial equivalent" of one of the issues presented to the state court in order to have been fairly presented. It is not sufficient, for purposes of exhaustion, that the claims raised in state court be "somewhat similar". *Morris v. Dretke,* 413 F.3d 484, 491 (5th Cir. 2005)(citing *Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000); *See Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Although Petitioner raised the issue of ineffective assistance of counsel in state court, that claim centered around his assertion that counsel allowed otherwise inadmissible evidence to be heard by the jury. The claim Petitioner now attempts to raise pertains to his counsel's alleged failure to file a motion to quash a bill of information. Simply having raised one alleged instance of ineffective assistance of counsel before the state court does not exhaust any and all of Petitioner's claims relating to ineffective assistance of counsel. The case law makes clear that Petitioner's claim of ineffective counsel on *habeas corpus* must be limited to the specific claim of ineffectiveness he alleged in his writ to the Louisiana Supreme Court. *See McKaskle v. Vela*, 464 U.S. 1053, 1055, 104 S.Ct. 736, 738 (1984). Because the specific instance of ineffective counsel that Petitioner now asserts has not been fairly presented to the state high court, it has not been "exhausted". Accordingly,

**IT IS ORDERED** that the federal petition of **Kevin Hennagier** for *habeas corpus* relief is **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.**

New Orleans, Louisiana, this 19th day of November, 2008.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**